IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOUTHERN ILLINOIS MOTOR XPRESS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  18-cv-2067 |
| v. ) | |
| ) | |
| (1) KG ADMINISTRATIVE SERVICES, INC. ) | **TRIAL BY JURY DEMANDED** |
| (2) THE KEISER GROUP, LLC ) | **ON ALL COUNTS SO TRIABLE** |
| (3) TRACEY KEISER, ) | |
| (4) ROBERT FRAZIER, and ) | |
| (5) PEOPLEASE, LLC ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Southern Illinois Motor Xpress, Inc., ("SIMX") for its causes of action against Defendants KG Administrative Services, Inc., The Keiser Group, LLC, Tracey Keiser, Robert Frazier, and PeopLease, LLC, alleges and states as follows:

### I. Parties

1. SIMX is an Illinois corporation with its principal place of business in Cutler, Illinois. SIMX is a citizen of Illinois.

2. Defendant KG Administrative Services, Inc. is an Ohio corporation. KG Administrative Services advertises that its corporate headquarters is located at 8181 E. Kaiser Blvd., Anaheim Hills, CA 92808. Upon investigation, Plaintiff SIMX is informed that there is no evidence of KG Administrative Services operating at this location. Defendant KG Administrative Services, Inc. is a citizen of Ohio and California.

3. Defendant The Keiser Group, LLC is a California limited liability company with its principal place of business in Newport Beach, California. Defendant The Keiser Group, LLC is a citizen of California.

4. Defendant Tracey Keiser is an individual who resides in Orange County, California. Defendant Tracey Keiser is a citizen of California.

5. Defendant Robert Frazier is an individual who resides in Orange County, California. Defendant Robert Frazier is a citizen of California

6. On information and belief, Defendants Robert Frazier and Tracey Keiser are and were at all times relevant to this Complaint husband and wife, and also co-owners of and exercised full control together over both The Keiser Group and KG Administrative Services.

7. On information and belief, SIMX alleges that there presently exists and at all times relevant to this Complaint existed a unity of interests between defendants Tracey Keiser, Robert Frazier, KG Administrative Services, and The Keiser Group (collectively the "Keiser Defendants"), such that any individuality and separateness between the Keiser Defendants has ceased, and defendants KG Administrative Services and The Keiser Group are alter egos of defendants Tracey Keiser and Robert Frazier.

8. On information and belief, SIMX alleges that defendants KG Administrative Services and The Keiser Group are (and at all times relevant to this Complaint were) mere shells and shams without capital, assets, stock, or shareholders. Plaintiff SIMX further alleges that defendants KG Administrative Services and The Keiser Group were conceived, intended, and used by defendants Tracey Keiser and Robert Frazier as a device to avoid individual liability and for the purpose of substituting financially insolvent corporations in the place of defendants Tracey Keiser and Robert Frazier.

9. On information and belief, Defendant PeopLease, LLC is a South Carolina limited liability company whose sole member is Peoplease Holdings, LLC.

    a. On information and belief, Peoplease Holdings, LLC is a limited partnership whose members/partners are Marc Kramer and Chris Munroe.

    b. On information and belief, Marc Kramer is an individual who is a resident of New York.

    c. On information and belief, Chris Munroe is a resident of Florida.

Defendant PeopLease, LLC is a citizen of Florida, New York, and South Carolina.

## II. Jurisdiction and Venue

10. This Court has personal jurisdiction over the Defendants because this action arises out of their contacts with the state of Illinois as described herein.

11. This Court has subject matter jurisdiction under 28 U.S.C. 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. Plaintiff SIMX is a citizen of Illinois and no Defendant is a citizen of Illinois.

12. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district.

## III. Factual Allegations Applicable to All Claims

13. In 2012, SIMX entered into an agreement with PeopLease, a professional employer organization, whereby PeopLease agreed to act as a co-employer of SIMX's employees and would assume responsibility for, among other things, managing payroll, obtaining workers' compensation insurance, and other human resources functions.

14. During SIMX's relationship with PeopLease, various employee benefits were made available to SIMX's employees through PeopLease. In 2013, PeopLease partnered with Medova to make healthcare benefits available to SIMX's employees.

15. In 2014, PeopLease ended its relationship with Medova and chose instead to provide healthcare benefits to SIMX's employees through The Keiser Group and KG Administrative Services.

16. PeopLease selected The Keiser Group and KG Administrative Services. SIMX had no involvement in PeopLease's selection of The Keiser Group and KG Administrative Services to provide benefits to SIMX employees.

17. As a consequence of PeopLease's partnering with The Keiser Group and KG Administrative Services, The Keiser Group and/or KG Administrative Services began administering healthcare and other benefits available to SIMX employees in 2014.

18. On a weekly basis, PeopLease sent invoices to SIMX for charges related to its payroll, employee benefits, and other purposes. SIMX remitted funds to PeopLease to pay these invoices and provide for its employees' payroll and employee benefits. On information and belief, PeopLease then remitted a portion of SIMX's money to The Keiser Group and/or KG Administrative Services in order to fund SIMX's employee's healthcare benefits. On information and belief, PeopLease received a fee or commission from KG Administrative Services and/or The Keiser Group.

19. The employee benefits plans for SIMX's employees were set up and administered by PeopLease, The Keiser Group, and/or KG Administrative Services for the benefit of SIMX's employees.

20. In 2015, SIMX terminated its relationship with PeopLease and entered into an agreement with The TLC Companies, another professional employer organization, to replace the services that PeopLease had provided previously.

21. When it replaced PeopLease with The TLC Companies, KG Administrative Services and The Keiser Group's roles continued.

22. In 2015, 2016, and 2017, The TLC Companies sent invoices to SIMX for charges related to its payroll, employee benefits, and other purposes. SIMX remitted funds to The TLC Companies to pay these invoices and provide for their employees' payroll and employee benefits. On information and belief, The TLC Companies then remitted a portion of SIMX's money to The Keiser Group and/or KG Administrative Services in order to fund SIMX's employee's healthcare benefits.

23. SIMX remitted funds on a weekly basis to The TLC Companies to cover payroll, employee benefits, and for other purposes. The TLC Companies transferred portions of these funds to KG Administrative Services and/or The Keiser Group in order to fund SIMX's employee healthcare benefits.

24. Throughout the entirety of the time that KG Administrative Services and The Keiser Group were responsible for SIMX's employee benefits, including in 2014, 2015, 2016, and 2017, SIMX paid all amounts invoiced to it by PeopLease and The TLC Companies and, upon information and belief, KG Administrative Services and The Keiser Group received such funds.

25. Throughout 2014, 2015, 2016, and 2017, the Keiser Defendants exercised total authority and control with respect to the management and administration of SIMX's employee healthcare benefits, including with respect to the funds paid to the Keiser Defendants by SIMX.

26. At various times during 2014, 2015, 2016, and 2017, the Keiser Defendants and/or their employees met with SIMX and its employees in Cutler, Illinois.

27. Not later than 2016, the Keiser Defendants failed to process a number of claims that, on information and belief, were covered claims under SIMX's agreement with the Keiser Defendants. SIMX learned of the Keiser Defendant's failure to process covered claims when SIMX's employees began contacting SIMX about the problems they were experiencing with the Keiser Defendants.

28. On information and belief, the Keiser Defendants failed to properly process healthcare benefit claims made by more than 20 SIMX employees in 2016 and 2017.

29. SIMX's relationship with KG Administrative Services and The Keiser Group ended in 2017 when SIMX terminated its relationship with KG Administrative Services and The Keiser Group and transitioned to a different employee healthcare benefit plan.

30. When SIMX terminated its relationship with KG Administrative Services and The Keiser Group, defendant Robert Frazier informed SIMX that it owed the Keiser Defendants certain "run-off fees" and that unpaid claims from 2016 would not be processed or paid unless the Keiser Defendants received these unspecified "run-off fees." When asked by SIMX what fees were due to the Keiser Defendants and what the contractual basis was for such fees, defendant Robert Frazier stopped communicating with SIMX.

31. After SIMX terminated its relationship with the Keiser Defendants, employees and representatives of the Keiser Defendants, including defendant Robert Frazier himself, told SIMX employees and others who contacted the Keiser Defendants regarding the unpaid medical claims that the reason certain claims were not paid was because SIMX had not paid the amounts it owed to Keiser Group and KG Administrative Services. These statements by the employees and representatives of the Keiser Defendants are and at all times were false.

32. Subsequent to terminating The Keiser Group and KG Administrative Services, SIMX has learned about several other trucking companies who have similarly been wronged by The Keiser Group and KG Administrative Services, including but not limited to the following: JP Express Service, Inc., Rains and Sons Transportation, LLC, and Quality Logistics, Inc.

## IV. Statement of Claims

### First Claim - Fraud
(against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services)

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-32.

34. Prior to entering into its relationship with the Keiser Defendants and throughout the duration of SIMX's relationship with the Keiser Defendants, the Keiser Defendants made a series of misrepresentations to SIMX, including but not limited to, misrepresentations regarding the services they were providing, misrepresentations regarding their operations, and misrepresentations regarding the covered benefits claims they would process.

35. The Keiser Defendants specifically misrepresented the nature of The Keiser Group and KG Administrative Services in holding those two entities out as companies adequately capitalized to administer SIMX's employee healthcare benefits and process covered claims when, in fact, KG Administrative Services and The Keiser Group were undercapitalized shell entities engaged in a Ponzi-like scheme to defraud SIMX and its employees.

36. The Keiser Defendants made the above misrepresentations knowing them to be false at the time they were made and/or made these representations with reckless disregard for their truth or falsity.

37. The Keiser Defendants made the above misrepresentations for the purpose of inducing SIMX to transfer sums (through PeopLease and The TLC Companies) to KG Administrative Services and/or The Keiser Group on a weekly basis and SIMX relied on these misrepresentations to its detriment and to the detriment of its employees.

38. Because of its reliance on the misrepresentations of the Keiser Defendants, SIMX has suffered various damages and losses, far exceeding $75,000.00.

39. The conduct of the Keiser Defendants was willful and malicious. The Keiser Defendants acted with the intent to cause injury and to misappropriate SIMX's funds.

40. The conduct of the Keiser Defendants as set forth above constitutes fraud against SIMX.

WHEREFORE, Plaintiff SIMX prays for judgment against defendants Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services, in an amount of actual damages which is fair and reasonable, plus costs of suit, attorney fees, punitive damages, and for such other and further legal and equitable relief as justice may require.

## Second Claim - Negligence
(against PeopLease)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-40.

42. Defendant PeopLease is a professional employer organization that represented and marketed itself to SIMX as possessing certain expertise and competencies related to human resources and employee benefits.

43. SIMX retained PeopLease for its claimed expertise and competencies and relied on PeopLease's claimed expertise and competencies related to human resources and employee benefits.

44. PeopLease selected the Keiser Defendants to, among other things, administer SIMX's employee health benefits program and process SIMX's employee's healthcare claims.

45. PeopLease owed a duty of care to SIMX to exercise reasonable and professional care to select appropriate agents and companies to manage and administer SIMX's employee health benefits program and process SIMX's employee's healthcare claims.

46. PeopLease breached this duty of care by selecting the Keiser Defendants to administer SIMX's employee health benefits program and process SIMX's employee's healthcare claims.

47. As a result of PeopLease's negligent acts, SIMX and its employees have been the victims of a fraudulent scheme perpetrated by the Keiser Defendants and SIMX has suffered various damages and losses, far exceeding $75,000.00.

WHEREFORE, Plaintiff SIMX prays for judgment against defendant PeopLease, LLC, in an amount of actual damages which is fair and reasonable, plus costs of suit, and for such other and further relief as justice may require.

### Third Claim - Defamation
(against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services)

48. Plaintiff re-alleges and incorporates by reference paragraphs 1-47.

49. As alleged in paragraph 31 above, after SIMX terminated its relationship with the Keiser Defendants, employees and representatives of the Keiser Defendants, including defendant Robert Frazier himself, told SIMX employees and other people who contacted the Keiser Defendants regarding unpaid medical claims that the reason certain claims were not paid was because SIMX had not paid amounts that it owed to The Keiser Group and KG Administrative Services.

50. These statements by the employees and representatives of the Keiser Defendants are and were at all times false and the Keiser Defendants knew that they were false when the statements were made.

51. The Keiser Defendants made these false statements to various individuals, including but not limited to Danielle Krapf in November and December of 2017.

52. SIMX has suffered harm to its reputation and has suffered concrete injury to its business as a result of these false statements made by the Keiser Defendants.

WHEREFORE, Plaintiff SIMX prays for judgment against defendants Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services, in an amount of actual damages which is fair and reasonable, plus costs of suit, attorney fees, punitive damages, and for such other and further legal and equitable relief as justice may require.

Respectfully submitted,

GOLDSTEIN and PRICE, L. C.
  Neal W. Settergren (#06276806)
  Giles B. Howard (#6319251)


By: /s/ Giles B. Howard
One Memorial Drive, Suite 1000
St. Louis, Missouri 63102
(314) 516-1700 Telephone
(314) 421-2832 Fax
giles@gp-law.com
Attorneys for Plaintiff