IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOUTHERN ILLINOIS MOTOR XPRESS, INC. ) <br> and ) <br> SOUTHERN ILLINOIS MOTOR XPRESS, INC. ) <br> HEALTHCARE BENEFIT PLAN ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> (1) KG ADMINISTRATIVE SERVICES, INC. ) <br> (2) THE KEISER GROUP, LLC ) <br> (3) TRACEY KEISER, ) <br> (4) ROBERT FRAZIER, ) <br> (5) PEOPLEASE, LLC, and ) <br> (6) PLC SERVICES, LLC ) <br>   ) <br> Defendants. ) | No. 3:18-cv-02067 <br><br> **TRIAL BY JURY DEMANDED** <br> **ON ALL COUNTS SO TRIABLE** |

## FIRST AMENDED COMPLAINT

Plaintiffs, Southern Illinois Motor Xpress, Inc., ("SIMX") and Southern Illinois Motor Xpress, Inc. Healthcare Benefit Plan ("Plan") for their causes of action against Defendants KG Administrative Services, Inc., The Keiser Group, LLC, Tracey Keiser, Robert Frazier, PLC Services, LLC, and PeopLease, LLC, allege and states as follows:

### I. Parties

1. SIMX is an Illinois corporation with its principal place of business in Cutler, Illinois. SIMX is a citizen of Illinois.

2. SIMX sponsored the Plan for the benefit of its employees. The Plan is an ERISA-governed employee welfare benefit plan pursuant to 29 U.S.C. Section 1002(1).

3. Defendant KG Administrative Services, Inc. is an Ohio corporation. KG Administrative Services advertises that its corporate headquarters is located at 8181 E. Kaiser Blvd., Anaheim Hills, CA 92808. Upon investigation, Plaintiff SIMX is informed that there is

no evidence of KG Administrative Services operating at this location. Defendant KG Administrative Services, Inc. is a citizen of Ohio and California.

4. Defendant The Keiser Group, LLC is a California limited liability company with its principal place of business in Newport Beach, California. Defendant The Keiser Group, LLC is a citizen of California.

5. Defendant Tracey Keiser is an individual who resides in Orange County, California. Defendant Tracey Keiser is a citizen of California.

6. Defendant Robert Frazier is an individual who resides in Orange County, California. Defendant Robert Frazier is a citizen of California.

7. On information and belief, Defendants Robert Frazier and Tracey Keiser are and were at all times relevant to this Complaint husband and wife, and also co-owners of and exercised full control together over both The Keiser Group and KG Administrative Services.

8. On information and belief, SIMX alleges that there presently exists and at all times relevant to this Complaint existed a unity of interests between defendants Tracey Keiser, Robert Frazier, KG Administrative Services, and The Keiser Group (collectively the "Keiser Defendants"), such that any individuality and separateness between the Keiser Defendants has ceased, and defendants KG Administrative Services and The Keiser Group are alter egos of defendants Tracey Keiser and Robert Frazier.

9. On information and belief, SIMX alleges that defendants KG Administrative Services and The Keiser Group are (and at all times relevant to this Complaint were) mere shells and shams without capital, assets, stock, or shareholders. Plaintiff SIMX further alleges that defendants KG Administrative Services and The Keiser Group were conceived, intended, and used by defendants Tracey Keiser and Robert Frazier as a device to avoid individual liability and for the purpose of substituting financially insolvent corporations in the place of

defendants Tracey Keiser and Robert Frazier.

10. On information and belief, Defendant PeopLease, LLC is a South Carolina limited liability company whose sole member is Peoplease Holdings, LLC.

    a. On information and belief, Peoplease Holdings, LLC is a limited partnership whose members/partners are Marc Kramer and Chris Munroe.

    b. On information and belief, Marc Kramer is an individual who is a resident of New York.

    c. On information and belief, Chris Munroe is a resident of Florida.

   Defendant PeopLease, LLC is a citizen of Florida, New York, and South Carolina.

11. On information and belief, PLC Services, LLC is an Indiana limited liability company whose sole member is Peoplease Holdings, LLC. Defendant PLC Services, LLC is a citizen of Florida, New York, and South Carolina.

12. On information and belief, defendants PeopLease, LLC and PLC Services, LLC (collectively "the PeopLease Defendants") integrated their resources and operations to achieve a common business purpose and there presently exists a unity of interests between PeopLease, LLC and PLC Services, LLC such that any individuality and separateness between them has ceased, and PeopLease, LLC and PLC Services, LLC operate as a single business enterprise.

## II. Jurisdiction and Venue

13. This Court has personal jurisdiction over the Defendants because this action arises out of their contacts with the state of Illinois as described herein.

14. This Court has subject matter jurisdiction under 28 U.S.C. 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds the

sum of $75,000. Plaintiff SIMX is a citizen of Illinois and no Defendant is a citizen of Illinois.

15. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district.

### III. Factual Allegations Applicable to All Claims

16. In 2012, SIMX entered into an agreement with PeopLease, LLC and PLC Services, LLC, both of which held themselves out as a professional employer organization. Pursuant to this agreement, the PeopLease Defendants agreed to act as a co-employer of SIMX's employees and would assume responsibility for, among other things, managing payroll, obtaining workers' compensation insurance, and other human resources functions.

17. During SIMX's relationship with the PeopLease Defendants, various employee benefits were made available to SIMX's employees through the PeopLease Defendants. In 2013, the PeopLease Defendants partnered with Medova to make healthcare benefits available to SIMX's employees.

18. In 2014, the PeopLease Defendants ended their relationship with Medova and chose instead to provide healthcare benefits and other voluntary benefits (including but not limited to Commercial Driver Legal, Vision, Gap, etc.) to SIMX's employees through The Keiser Group and KG Administrative Services.

19. The PeopLease Defendants selected The Keiser Group and KG Administrative Services. SIMX had no involvement in PeopLease's selection of The Keiser Group and KG Administrative Services to provide benefits to SIMX employees.

20. As a consequence of the PeopLease Defendants partnering with The Keiser Group and KG Administrative Services, The Keiser Group and/or KG Administrative Services began administering healthcare and other benefits available to SIMX employees in 2014.

21. On a weekly basis, the PeopLease Defendants sent invoices to SIMX for charges related to its payroll, employee benefits, and other purposes. SIMX remitted funds to the PeopLease Defendants to pay these invoices and provide for its employees' payroll and employee benefits. On information and belief, the PeopLease Defendants then remitted a portion of SIMX's money to The Keiser Group and/or KG Administrative Services in order to fund SIMX's employee's healthcare benefits and to pay the premiums for certain voluntary employee benefits administered by The Keiser Group and/or KG Administrative Services. On information and belief, the PeopLease Defendants received a fee or commission from KG Administrative Services and/or The Keiser Group.

22. The employee benefits plans for SIMX's employees were set up and administered by the PeopLease Defendants, The Keiser Group, and/or KG Administrative Services for the benefit of SIMX's employees.

23. In 2015, SIMX terminated its relationship with the PeopLease Defendants and entered into an agreement with The TLC Companies, another professional employer organization, to replace the services that the PeopLease Defendants had provided previously.

24. When it replaced the PeopLease Defendants with The TLC Companies, KG Administrative Services and The Keiser Group's roles continued.

25. In 2015, 2016, and 2017, The TLC Companies sent invoices to SIMX for charges related to its payroll, employee benefits, and other purposes. SIMX remitted funds to The TLC Companies to pay these invoices and provide for their employees' payroll and employee benefits. On information and belief, The TLC Companies then remitted a portion of SIMX's money to The Keiser Group and/or KG Administrative Services in order to fund SIMX's employee's healthcare benefits.

26. SIMX remitted funds on a weekly basis to The TLC Companies to cover payroll,

employee benefits, and for other purposes. The TLC Companies transferred portions of these funds to KG Administrative Services and/or The Keiser Group in order to fund SIMX's employee healthcare benefits.

27. Throughout the entirety of the time that KG Administrative Services and The Keiser Group were responsible for SIMX's employee benefits, including in 2014, 2015, 2016, and 2017, SIMX paid all amounts invoiced to it by the PeopLease Defendants and The TLC Companies and, upon information and belief, KG Administrative Services and The Keiser Group received such funds.

28. Throughout 2014, 2015, 2016, and 2017, the Keiser Defendants exercised total authority and control with respect to the management and administration of SIMX's employee healthcare benefits, including with respect to the funds paid to the Keiser Defendants by SIMX.

29. At various times during 2014, 2015, 2016, and 2017, the Keiser Defendants and/or their employees met with SIMX and its employees in Cutler, Illinois. Not later than 2016, the Keiser Defendants failed to process a number of claims that, on information and belief, were covered claims under SIMX's agreement with the Keiser Defendants. SIMX learned of the Keiser Defendant's failure to process covered claims when SIMX's employees began contacting SIMX about the problems they were experiencing with the Keiser Defendants.

30. On information and belief, the Keiser Defendants failed to properly process healthcare benefit claims made by more than 20 SIMX employees in 2016 and 2017.

31. SIMX's relationship with KG Administrative Services and The Keiser Group ended in 2017 when SIMX terminated its relationship with KG Administrative Services and The Keiser Group and transitioned to a different employee healthcare benefit plan.

32. When SIMX terminated its relationship with KG Administrative Services and The Keiser Group, defendant Robert Frazier informed SIMX that it owed the Keiser Defendants certain "run-off fees" and that unpaid claims from 2016 would not be processed or paid unless the Keiser Defendants received these unspecified "run-off fees." When asked by SIMX what fees were due to the Keiser Defendants and what the contractual basis was for such fees, defendant Robert Frazier stopped communicating with SIMX.

33. After SIMX terminated its relationship with the Keiser Defendants, employees and representatives of the Keiser Defendants, including defendant Robert Frazier himself, told SIMX employees and others who contacted the Keiser Defendants regarding the unpaid medical claims that the reason certain claims were not paid was because SIMX had not paid the amounts it owed to Keiser Group and KG Administrative Services. These statements by the employees and representatives of the Keiser Defendants are and at all times were false.

34. Subsequent to terminating The Keiser Group and KG Administrative Services, SIMX has learned about several other trucking companies who have similarly been wronged by The Keiser Group and KG Administrative Services, including but not limited to the following: JP Express Service, Inc., Rains and Sons Transportation, LLC, and Quality Logistics, Inc.

### IV. Statement of Claims

### First Claim - Fraud
(against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services)

35. Plaintiffs re-allege and incorporate by reference paragraphs 1-34.

36. Prior to entering into its relationship with the Keiser Defendants and throughout the duration of SIMX's relationship with the Keiser Defendants, the Keiser Defendants made a series of misrepresentations to SIMX, including but not limited to, misrepresentations

regarding the services they were providing, misrepresentations regarding their operations, and misrepresentations regarding the covered benefits claims they would process.

37. The Keiser Defendants specifically misrepresented the nature of The Keiser Group and KG Administrative Services in holding those two entities out as companies adequately capitalized to administer SIMX's employee healthcare benefits and process covered claims when, in fact, KG Administrative Services and The Keiser Group were undercapitalized shell entities engaged in a Ponzi-like scheme to defraud SIMX and its employees.

38. The Keiser Defendants additionally collected funds from SIMX for the purpose of paying the premiums on various voluntary employee benefits and represented to SIMX that they were diligently paying said premiums. This representation was false.

39. The Keiser Defendants made the above misrepresentations knowing them to be false at the time they were made and/or made these representations with reckless disregard for their truth or falsity.

40. The Keiser Defendants made the above misrepresentations for the purpose of inducing SIMX to transfer sums (through PeopLease and The TLC Companies) to KG Administrative Services and/or The Keiser Group on a weekly basis and SIMX relied on these misrepresentations to its detriment and to the detriment of its employees.

41. Because of its reliance on the misrepresentations of the Keiser Defendants, SIMX has suffered various damages and losses, far exceeding $75,000.00.

42. The conduct of the Keiser Defendants was willful and malicious. The Keiser Defendants acted with the intent to cause injury and to misappropriate SIMX's funds.

43. The conduct of the Keiser Defendants as set forth above constitutes fraud against SIMX.

WHEREFORE, Plaintiff SIMX prays for judgment against defendants Robert Frazier,

Tracey Keiser, The Keiser Group, and KG Administrative Services, in an amount of actual damages which is fair and reasonable, plus costs of suit, attorney fees, punitive damages, and for such other and further legal and equitable relief as justice may require.

## Second Claim - Negligence
(against PeopLease, LLC and PLC Services, LLC)

44. Plaintiffs re-allege and incorporate by reference paragraphs 1-43.

45. Defendants PeopLease, LLC and PLC Services, LLC are professional employer organizations that represented and marketed themselves to SIMX as possessing certain expertise and competencies related to human resources and employee benefits.

46. SIMX retained the PeopLease Defendants for their claimed expertise and competencies and relied on their claimed expertise and competencies related to human resources and employee benefits.

47. The PeopLease Defendants selected the Keiser Defendants to, among other things, administer SIMX's employee health benefits program, administer aspects of certain voluntary employee benefits (including but not limited to paying the premiums for vision, commercial driver legal, and dental plans), and process SIMX's employee's healthcare claims.

48. The PeopLease Defendants owed a duty of care to SIMX to exercise reasonable and professional care to select appropriate agents and companies to manage and administer SIMX's employee health benefits program, administer various voluntary employee benefits, and process SIMX's employee's healthcare claims.

49. The PeopLease Defendants breached this duty of care by selecting the Keiser Defendants to administer SIMX's employee health benefits program, administer various voluntary employee benefits, and process SIMX's employee's healthcare claims.

50. On information and belief, beginning in 2014, The Keiser Group was responsible for making premium payments on the Peoplease Defendants' behalf for various employee benefits plans covering the PeopLease Defendants' employees and certain leased employees. On information and belief, these benefits plans included the PeopLease Defendants' corporate medical plan, US Legal, dental, and vision. As early as 2014, the PeopLease Defendants discovered that The Keiser Group was not making the necessary premium payments for some or all of these employee benefits plans. The PeopLease Defendants did not notify their customers, including SIMX, of these breaches by The Keiser Group.

51. As a result of the PeopLease Defendants' negligent acts, SIMX and its employees have been the victims of a fraudulent scheme perpetrated by the Keiser Defendants and SIMX has suffered various damages and losses, far exceeding $75,000.00.

WHEREFORE, Plaintiff SIMX prays for judgment against defendants PeopLease, LLC and PLC Services, LLC, in an amount of actual damages which is fair and reasonable, plus costs of suit, and for such other and further relief as justice may require.

### Third Claim - Defamation
(against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services)

52. Plaintiffs re-allege and incorporate by reference paragraphs 1-51.

53. As alleged in paragraph 31 above, after SIMX terminated its relationship with the Keiser Defendants, employees and representatives of the Keiser Defendants, including defendant Robert Frazier himself, told SIMX employees and other people who contacted the Keiser Defendants regarding unpaid medical claims that the reason certain claims were not paid was because SIMX had not paid amounts that it owed to The Keiser Group and KG Administrative Services.

54. These statements by the employees and representatives of the Keiser Defendants are and were at all times false and the Keiser Defendants knew that they were false when the statements were made.

55. The Keiser Defendants made these false statements to various individuals, including but not limited to Danielle Krapf in November and December of 2017.

56. SIMX has suffered harm to its reputation and has suffered concrete injury to its business as a result of these false statements made by the Keiser Defendants.

WHEREFORE, Plaintiff SIMX prays for judgment against defendants Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services, in an amount of actual damages which is fair and reasonable, plus costs of suit, attorney fees, punitive damages, and for such other and further legal and equitable relief as justice may require.

### Fourth Claim – Conversion
(against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services)

57. Plaintiffs re-allege and incorporate by reference paragraphs 1-56.

58. The Keiser Defendants wrongfully, and under false pretenses, assumed control of assets rightfully belonging to SIMX.

59. SIMX entrusted the Keiser Defendants with funds for the purpose of paying employee benefit plan premiums and the purpose of funding Plan expenses.

60. Rather than use the funds for their intended purpose, the Keiser Defendants intentionally and maliciously converted SIMX's funds for their own use and concealed from SIMX the actual uses of SIMX's funds.

61. SIMX, to no avail, has demanded the return of those monies wrongfully converted by the Keiser Defendants.

WHEREFORE, Plaintiffs pray for judgment against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services in an amount of actual damages which is fair and reasonable, plus costs of suit, attorney fees, punitive damages, and such other and further legal and equitable relief as justice may require.

**Fifth Claim – Civil Conspiracy**
(against Robert Frazier and Tracey Keiser)

62. Plaintiffs re-allege and incorporate by reference paragraphs 1-61.

63. Upon information and belief, defendants Tracey Keiser and Robert Frazier combined their efforts to pursue a common design, common purpose, and common intention to defraud Plaintiffs of monetary funds.

64. In the course of furthering this common design, purpose, and intention to defraud Plaintiffs of monetary funds, Robert Frazier and/or Tracey Keiser committed overtly tortious or unlawful acts, including but not limited to tortious acts constituting conversion and/or fraud.

65. As a direct and proximate result of this conspiracy, Plaintiffs sustained various damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against defendants Robert Frazier and Tracey Keiser in an amount of actual damages which is fair and reasonable, plus costs of suit, attorney fees, punitive damages, and for such other and further legal and equitable relief as justice may require.

**Sixth Claim – Professional Negligence/Breach of Fiduciary Duty**
(against Tracey Keiser)

66. Plaintiffs re-allege and incorporate by reference paragraphs 1-65.

67. Upon information and belief, defendant Tracey Keiser acted as SIMX's insurance agent

in procuring excess loss insurance for the Plan.

68. As SIMX's insurance agent, Tracey Keiser owed certain duties to SIMX, consistent with industry standards, including but not limited to duties of ordinary care and skill in procuring, placing, binding, and maintaining excess loss insurance for SIMX's and the Plan's benefit.

69. SIMX provided Tracey Keiser with adequate funds to procure and maintain excess loss insurance. Tracey Keiser breached her duty to SIMX by, among other things, failing to apply these funds to the maintenance of excess loss insurance for SIMX's benefit and, through this breach, causing SIMX's excess loss insurance to lapse.

70. On information and belief, Tracey Keiser did not notify SIMX of the lapse in excess loss insurance occasioned by her negligence.

71. As a direct and proximate result of Tracey Keiser's breach of her duties to SIMX, SIMX suffered damages in an amount to be proved at trial.

WHEREFORE, Plaintiff SIMX prays for judgment against defendant Tracey Keiser in an amount of actual damages which is fair and reasonable, plus costs of suit, attorney fees, and for such other and further legal and equitable relief as justice requires.

### Seventh Claim – Breach of Fiduciary Duty
(against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services)

72. Plaintiffs re-allege and incorporate by reference paragraphs 1-71.

73. The Keiser Defendants were fiduciaries pursuant to 29 U.S.C. Section 1002(21)(A) with respect to the Plan because (1) they exercised discretionary authority and control over management of the Plan; (2) they exercised authority and control over management and disposition of Plan assets; and (3) they had discretionary authority and responsibility in

the administration of the Plan.

74. The Keiser Defendants are a "party in interest" pursuant to 29 U.S.C. Section 1002(14).

75. As fiduciaries and parties in interest, the Keiser Defendants were prohibited from engaging in certain transactions as set forth in 29 U.S.C. Section 1106.

76. As fiduciaries, the Keiser Defendants were required to, among other things, discharge their duties solely in the interest of the participants and beneficiaries of the Plan, preserve Plan assets, fully disclose their actions, avoid making false or misleading statements, and abide by any statutory obligations or restrictions imposed on their conduct.

77. The Keiser Defendants breached their fiduciary duties pursuant to 29 U.S.C. Sections 1109 and 1132(a)(2) by, among other things:

    a. Willfully failing to timely process and pay covered claims;

    b. Mishandling and misappropriating Plan assets;

    c. Improperly retaining Plan assets which were intended to pay for benefits claims; and

    d. Engaging in a concerted scheme to mislead, confuse, and otherwise deceive SIMX into paying the Keiser Defendants were services that were never rendered.

78. As a proximate result of these material breaches of fiduciary duty, SIMX and the Plan have suffered harm and incurred substantial damages.

WHEREFORE, Plaintiffs pray for judgment against defendants Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services in an amount that is fair and reasonable, plus costs of suit, attorney fees, and for such other further legal and equitable relief as justice requires.

**Eighth Claim – Accounting**
(against Robert Frazier, Tracey Keiser, The Keiser Group, and KG Administrative Services)

Page **14** of **16**

79. Plaintiffs re-allege and incorporate by reference paragraphs 1-78.

80. On information and belief, the Keiser Defendants have retained Plan assets to which Plaintiffs are entitled and to which the Keiser Defendants are not entitled.

81. On information and belief, the Keiser Defendants retained other SIMX assets meant to pay premiums on voluntary employee benefit plans. SIMX is entitled to these additional assets and the Keiser Defendants are not entitled to these assets.

82. The exact amount of the money converted and/or misappropriated by the Keiser Defendants as alleged above is unknown to Plaintiffs because the Keiser Defendants have refused to produce records documenting the expenditure of Plaintiffs' funds. The exact amount of the money converted and/or misappropriated by the Keiser Defendants cannot be ascertained without an accounting of all the monies currently in the Keiser Defendants' possession, custody, or control.

83. Plaintiff has demanded records sufficient to perform an accounting and the Keiser Defendants have refused to provide those records necessary to perform an accounting.

84. Plaintiffs are informed and believe, and on that basis allege, that the Keiser Defendants have sufficient records and information to account for the money they have converted.

WHEREFORE, Plaintiffs pray that the Keiser Defendants be Ordered to provide a full and complete accounting of all covered benefit plans, the payment of covered benefit claims, all invoices for voluntary benefit premiums, the payment of all invoices for voluntary benefit premiums, and all Plan assets.

Respectfully submitted,

GOLDSTEIN and PRICE, L. C.
  Neal W. Settergren (#06276806)
  Giles B. Howard (#6319251)

By: /s/ Giles B. Howard
One Memorial Drive, Suite 1000
St. Louis, Missouri 63102
(314) 516-1700 Telephone
(314) 421-2832 Fax
giles@gp-law.com
Attorneys for Plaintiffs