UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOUTHERN ILLINOIS MOTOR XPRESS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KG ADMINISTRATIVE SERVICES, INC.; THE ) <br> KEISER GROUP LLC; TRACEY KEISER; ) <br> ROBERT FRAZIER; and PEOPLEASE LLC ) <br> ) <br> Defendants. ) <br> ) | Case No. 18-CV-2067-SMY-GCS |

**MOTION FOR LEAVE TO WITHDRAW; DECLARATION OF MICHAEL FEENBERG**

COMES NOW Nemecek & Cole, APC ("N&C") that respectfully moves for an order granting it leave to withdraw as the counsel of record for Defendants KG ADMINISTRATIVE SERVICES, INC.; THE KEISER GROUP, LLC; TRACEY KEISER; and ROBERT FRAZIER (collectively, the "KG Parties").

The Motion is brought pursuant to Local Rule 83.1(g) and is based on the grounds that the KG Parties have failed and refused to communicate with, respond to and cooperate with N&C, leading to a complete and irreparable breakdown of the attorney-client relationship. Without waiver of the attorney-client privilege, based on the conduct of the KG Parties, N&C cannot continue to represent them in this matter. In addition, the KG Parties have failed to pay substantial fees and costs that they owe to N&C.

Pursuant to Local Rule 83.1(g)(1), the last known addresses of the KG Parties are as follows:

KG Administrative Services, Inc.
8975 S. Pecos, Suite 7B
Henderson, NV 89074

1

2344312.1

The Keiser Group, LLC
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660

Robert Frazier
8975 S. Pecos, Suite 7B	4695 MacArthur Court, Suite 1100
Henderson, NV 89074	Newport Beach, CA 92660

Tracey Keiser
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660

As stated in the attached declaration of Michael Feenberg, N&C has served copies of this motion to the KG Parties via email and certified mail. (Feenberg Decl. ¶ 6.) In addition, N&C has informed the KG Parties that they "should retain other counsel and that within 21 days of the entry of the order of withdrawal, the [KG Parties] or the new counsel shall file with the Clerk of Court a supplementary appearance that provides an address at which the party and/or the new counsel may receive service of documents related to the case." (Feenberg Decl. ¶ 7.)

I.   **THERE IS GOOD CAUSE TO GRANT N&C LEAVE TO WITHDRAW**

Federal courts have repeatedly held that a breakdown of the attorney client relationship is ground for granting the attorney leave to withdraw. *See, e.g., Leatt Corp. v. Innovative Safety Technology, LLC*, No. 09-cv-1301, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010.); *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 02-cv-06599, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009). Where issues of confidentiality prevent counsel from further disclosure and the court accepts the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal.

Additionally, a client's failure or inability to pay for legal services constitutes good cause for withdrawal. *See Leatt Corp.*, 2010 WL 444708, at *2; *Canandaigua Wine Co.*, 2009 WL 89141, at *2; *Schueneman v. 1st Credit of America, LLC*, No. 05-cv-4505, 2007 WL 1969708, at *7 (N.D. Cal. 2007).

As set forth in the attached Declaration of Michael Feenberg, N&C seeks leave to withdraw as counsel of record for the KG Parties because a complete and irreparable breakdown of the

attorney-client relationship has occurred that has made it impossible for N&C to continue to adequately and properly represent the KG Parties. Specifically, and without waiver of the attorney-client privilege, the KG parties and N&C have had a breakdown in communication that N&C can more fully explain to the Court *in camera* if requested by the Court. The KG Parties have failed and refused to communicate with, respond to and cooperate with N&C. The circumstances have placed N&C in a position where it can no longer provide effective representation to the KG Parties. (Feenberg Decl. ¶ 2.)

Moreover, the KG Parties have failed to pay the substantial fees and costs owed to N&C. (Feenberg Decl. ¶ 3.)

Without waiver of the attorney-client privilege, on numerous occasions, N&C informed the KG Parties either orally or in writing that N&C would resign as counsel for the KG Parties and would seek leave of court to withdraw from this case if there was no improvement in their lack of cooperation and communication with counsel. (Feenberg Decl. ¶ 4.) N&C also told the KG Parties that they needed to retain new counsel. N&C repeatedly advised the KG Parties of the foregoing in writing and orally. The KG Parties continue to ignore N&C. (Feenberg Decl. ¶ 4.)

In addition, and without waiver of the attorney-client privilege, on August 17, 2020, N&C gave written notice to KG Administrative Services, Inc. and The Keiser Group, LLC of the consequences of their inability to appear *pro se.*. (Feenberg Decl. ¶ 5)

Good cause, therefore, exists for the Court to grant leave to N&C to withdraw from this case. Such leave should not delay trial because, due to the COVID-19 pandemic, the trial date currently set has to be continued even without withdrawal of counsel. Moreover, PeopLease recently filed a motion asking that the Court continue the current trial date. (*See* Dkt. No. 123.)

//
//
//
//
//

## II. CONCLUSION

For the reasons set forth herein, N&C respectfully requests that it be granted leave to withdraw as counsel for the KG Parties.

Dated: September 23, 2020

By: /s/Michael W. Feenberg
MICHAEL W. FEENBERG (CA SBN 185450)
VIKRAM SOHAL (CA SBN 240251)
vsohal@nemecek-cole.com
NEMECEK & COLE
A Professional Corporation
16255 Ventura Boulevard, Suite 300
Encino, California 91436
Tel: (818) 788-9500
Fax: (818) 501-0328

## DECLARATION OF MICHAEL W. FEENBERG

I, MICHAEL W. FEENBERG, declare:

1. I am an attorney duly licensed to practice law in the State of California. I am employed by Nemecek & Cole, APC ("N&C"), the counsel of record for KG ADMINISTRATIVE SERVICES, INC., THE KEISER GROUP, LLC, ROBERT FRAZIER, and TRACEY KEISER (collectively, the "KG Parties"). I have personal knowledge of the matters stated herein and I could and would competently testify thereto.

2. N&C seeks leave to withdraw as counsel of record for the KG Parties because a complete and irreparable breakdown of the attorney-client relationship has occurred that has made it impossible for N&C to continue to adequately and properly represent them in this case. Specifically, and without waiver of the attorney-client privilege, the KG Parties and N&C have had a breakdown in communication that I can more fully explain to the Court *in camera* if requested by the Court. The KG Parties have failed and refused to communicate with, respond to

and cooperate with N&C. The circumstances have placed N&C in a position where it can no longer provide effective representation to the KG Parties.

3. Moreover, the KG Parties have failed and refused to pay the substantial fees and costs owed to N&C.

4. Without waiver of the attorney-client privilege, on numerous occasions, I informed the KG Parties either orally or in writing that N&C would resign as their counsel and would seek leave of court to withdraw from this case if there was no improvement in their lack of cooperation and communication with counsel. I also told the KG Parties that they needed to retain new counsel. I advised the KG Parties of the foregoing in writing. They continue to ignore N&C.

5. In addition, and without waiver of the attorney-client privilege, on August 17, 2020, I gave written notice to KG Administrative Services, Inc. and The Keiser Group, LLC of the consequences of their inability to appear *pro se*.

6. At my direction, copies of the foregoing motion and this declaration were served to the KG Parties via email and registered mail on September 23, 2020. The registered mail was sent to the following addresses:

KG Administrative Services, Inc.
8975 S. Pecos, Suite 7B
Henderson, NV 89074

The Keiser Group, LLC
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660

Robert Frazier
8975 S. Pecos, Suite 7B           4695 MacArthur Court, Suite 1100
Henderson, NV 89074               Newport Beach, CA 92660

Tracey Keiser
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660

7. In addition, on September 23, 2020, I informed the KG Parties that they "should retain other counsel and that within 21 days of the entry of the order of withdrawal, the [KG

Parties] or the new counsel shall file with the Clerk of Court a supplementary appearance that provides an address at which the party and/or the new counsel may receive service of documents related to the case."

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of September 2020 in Encino, California.


                                           /s/Michael W. Feenberg
                                           Michael W. Feenberg

2344312.1

# CERTIFICATE OF SERVICE

   I hereby certify that on September 25, 2020, a copy of the foregoing was sent via electronic serviced to the following:

Neal W. Settergren
Giles B. Howard
GOLDSTEIN & PRICE, L.C.
neal@gp-law.com
giles@gp-law.com
COUNSEL FOR PLAINTIFF


Thomas E. Berry, Jr.
JACKSON LEWIS P.C.
tom.berry@jacksonlewis.com
COUNSEL FOR DEFENDNAT, PEOPLEASE LLC


DATED: September 25, 2020    By: /s/Michael W. Feenberg

2344312.1