IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOUTHERN ILLINOIS MOTOR XPRESS, INC,, <br><br> **Plaintiff,** <br><br> v. <br><br> KG ADMINISTRATIVE SERVICES, INC., KEISER GROUP, LLC, TRACEY KEISER, ROBERT FRAZIER, PEOPLEASE, LLC, and PLC SERVICES, LLC, <br><br> **Defendants.** | Case No. 18-cv-2067-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a motion to vacate orders of default filed by defendants, KG Administrative Services, Inc. ("KG"), The Keiser Group, LLC, ("TKG"), Tracey Keiser ("Keiser") and Robert Frazier ("Frazier"), collectively known as defaulted defendants (Doc. 155). Also pending before this court is plaintiff's motion for default judgment as to defaulted defendants (Doc. 150). For the reasons set forth below, the Court GRANTS the Motion to Vacate Orders of Default and denies as moot the motion for default judgment.

### PROCEDURAL BACKGROUND[1]

On November 9, 2018, plaintiff, Southern Illinois Motor Xpress, Inc. ("SIMX"), filed a two-count Complaint against defendants (Doc. 1). On December 17, 2018, TKG

---

[1] Although there are other defendants in this case, this Court limited the procedural background to matters involving the defaulted defendants.

was defaulted and on January 3, 2019, KG was defaulted for the first time in this case (Docs. 15 and 18). On February 26, 2019, Daniel Watkins filed motion to appear *pro hac vice* in behalf of defaulted defendants; said motion was granted on February 27, 2019 (Docs. 26-27). On February 28, 2019, a motion to set aside default was filed, and they were granted on March 6, 2019, after the court noted there was an issue regarding service/registered agent (Docs. 28 and 36). On May 10, 2019, this matter was assigned Track C, with final pretrial conference being set for 10/7/2020 and jury trial on 10/19/2020 (Doc. 45).

On July 31, 2019, counsel for defaulted defendants moved to withdraw (Doc. 55). Said motion was stricken, so on August 1, 2019, counsel filed a resubmitted motion to withdraw, which was granted on August 22, 2019 at which time the court advised the defaulted defendants MUST appear on a telephone conference call on September 5, 2019 and counsel must enter on or before September 13, 2019 (Doc. 63).

On September 5, 2019, no one appeared on behalf of defaulted defendants and a show cause was issued (Docs. 65-66). On September 16, 2019, a discovery dispute conference was held and the defaulted defendants again failed to appear and no counsel had entered so a second show cause was issued (Docs. 72-73). On September 25, 2019, Vikram Sohal appeared on behalf of the defaulted defendants and responded to the show cause orders (Docs. 74-76). On October 1, 2019, Michael Feenberg also appeared on behalf of the defaulted defendants.

In late 2019 and early 2020, discovery was underway. On January 24, 2020, plaintiff sought leave to fine an amended complaint, which was granted on February 2, 2020 (Docs. 95, 99). On February 10, 2020, the parties requested referral to

magistrate for settlement conference and on February 11, 2020, the parties sought a 90-day discovery stay to pursue settlement (Docs. 100, 102). Also on February 11, 2020, the amended complaint was filed (Doc. 104). On June 23, 2020, a settlement conference was held, but because the case did not settle a status conference was held on July 15, 2020 (Docs. 113, 115).

On August 24, 2020, counsel for defaulted defendants moved to withdraw, but did not show compliance with Rule 83.1 of the Federal Rules of Civil Procedure (Doc. 117-119). On September 23, 2020 and September 25, 2020, counsel for defaulted defendants again moved to withdraw (Docs. 124, 126). Said motion was granted on November 4, 2020 at which time the defaulted defendants were granted 21 days, up to and including 11/25/2020 to retain new counsel and have them enter an appearance (Doc. 139). On November 19, 2020, a status conference was set for 12/9/20 (Doc. 143). On November 27, 2020, plaintiffs filed motion for default against KG and TKG, which are the defaulted corporate entities (Doc. 144).

On December 9, 2020, this Court held a status conference at which time no one appeared on behalf of the defaulted defendants (Doc. 146). Following the hearing, an entry of default was entered against KG and TKG (Doc. 145). On December 10, 2020, plaintiff moved for entry of default against Frazier and Kaiser, the individual defaulted defendants; and the entry of default was entered shortly thereafter (Docs. 147-149). On December 21, 2020, plaintiff filed a motion for default judgment as to defaulted defendants (Doc. 150).

On December 23, 2020, George Ripplinger entered his appearance on behalf of the defaulted defendants (Doc. 154). On December 27, 2020, Ripplinger filed a motion

to vacate the entries of default, and in opposition (Doc. 155). On January 6, 2021, plaintiff filed a response in opposition to motion to vacate entries of default (Doc. 157). On January 11, 2021, counsel for the remaining defendants, Peoplease, LLC and PLC Services, LLC, filed a response to motion to vacate entries of default (Doc. 163). On January 18, 2021, defaulted defendants replied to responses, making this matter ripe for review (Doc. 164).

## FACTUAL BACKGROUND[2]

In 2012, SIMX entered into an agreement with PeopLease and/or PLC Services to provide employee benefits thru its partner, Medova (Doc. 104). In 2014, the benefits were provided thru defaulted defendants, not Medova. *Id.* In 2015, SIMX entered into an agreement with The TLC Companies to replace the services provided by PeopLease and/or PLC Services. *Id.* From 2015 to 2017, defaulted defendants continued to provide health benefits through The TLC Companies to SIMX. *Id.* From 2014 to 2017, defaulted defendants were responsible for SIMX's employee healthcare benefits; however, in 2016 and 2017, SIMX learned of unprocessed claims of its employees. *Id.* In 2017, SIMX terminated its relationship with defaulted defendants. *Id.*

## LAW

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625 (7th Cir. 625). In

---

[2] This brief statement of the facts is based upon unopposed allegations in the amended complaint.

this case, there has been no judgment, so Rule 55(c) controls.

"In order to vacate an entry of default, the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42 (7th Cir.1994). A "meritorious defense" is not necessarily a winning one, but it is one which is "supported by a developed legal and factual basis." *Jones v. Phipps,* 39 F.3d 158 (7th Cir.1994).

The test for setting aside a default is more liberally applied when dealing with an entry of default prior to entry of default judgment. *See Pretzel & Stouffer,* 28 F.3d 42 (7th Cir. 1994); *Connecticut Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883 (7th Cir.1990) (practical considerations that support a strong presumption against the reopening of final decisions are not in play). Default judgments are generally disfavored as they are inconsistent with the federal courts' preference for resolving disputes on the merits. *See Coon v. Grenier,* 867 F.2d 73 (1st Cir.1989). In light of these general principals, the Court will address the three relevant factors.

## ANALYSIS

### I. Rule 55(c)

Within the motion to vacate, defaulted defendants do not go through the factor analysis for vacating the entry of default (Doc. 155). However, defaulted defendants filed a reply on January 18, 2021 that delves deeper into the Rule 55(c) factors (Doc. 164).

#### A. Good Cause

Defaulted defendants provide numerous reasons for the delay in locating

counsel to represent them (*Id.*). First, this matter is pending in the Southern District of Illinois, while defendants reside in California, which is more than 2000 miles away. Second, discovery is underway and two prior attorneys have already withdrawn, so it would require new counsel to jump in and get up to speed rather quickly. Third, Frazier has ongoing medical issues for which he obtained treatment most recently on November 4, 2020.

The Seventh Circuit has held that inability to procure an attorney due to its lack of finances and/or conflicts of interest of the part of attorneys who were otherwise willing to represent them is good cause. *See Daly v. Stratton,* 304 F.2d 666 (7th Cir. 1962); *Allen Russell Pub., Inc. v. Levy,* 109 F.R.D. (C.D. Ill. Dec. 5, 1985). While the defaulted defendants do not have the best history of timely locating new counsel, there is no evidence that the default was willful or the result of gross negligence. As such, under the relatively liberal standard of Rule 55(c), the Court believes defaulted defendants have established good cause. *Bluegrass Marine Inc., v. Galena Road Gravel, Inc.,* 211 F.R.D. 356 (S.D. Ill. Oct. 24, 2002).

**B. Quick Action**

The "quick action" prong of the standard for vacating default must concern itself with the time elapsing between entry of default and the motion to vacate. *Jones v. Phipps*, 39 F.3d 158 (7th Cir. 1994). In the instant case, the entries of default were entered eighteen (18) and nineteen (19) days before motion to vacate respectively. Furthermore, the defaults were entered fourteen (14) and fifteen (15) days after the defaulted defendants were to appear either *pro se* for the personal defendants or via counsel for the corporate defendants and thirty-five (35) days and thirty-six (36) days

after counsel withdrew.[3]

The Court finds that the defendant has acted quickly in response to the entry of default. The defendants filed their motion to vacate approximately 10 weekdays, excluding holidays and weekends, after the entry of default. When there has been good cause for delay, and there has been no prejudice to the other party, the Seventh Circuit has upheld a ten-week delay as sufficiently quick to warrant vacating a default judgment. *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792 (7th Cir.1980).

### C. Meritorious Defense

The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions set forth in defendants' proposed answer. *Breuer Elec. Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182 (7th Cir. 1982). A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Jones v. Phipps,* 39 F.3d 158 (7th Cir. 1994).

On February 11, 2020, plaintiff filed an amended complaint. (Doc. 104). Fifteen days later, on February 26, 2020, defaulted defendants answered the amended complaint at which time they also filed twenty-four (24) affirmative defenses. (Doc. 108).

---

[3] Defense counsel withdrew on November 4, 2020; defaulted defendants were to appear *pro se* or have counsel enter prior to November 25, 2020; default entered against KG and TKG on December 9, 2020 and against Kaiser and Frazier on December 10, 2020; Motion to Vacate filed on December 27, 2020.

Because the standards under Rule 55(c) are lenient, where the defendant files an answer along with a factual basis for its defenses, it cannot be characterized as so conclusory to be fatal. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625 (7th Cir. 2009). As such, because defaulted defendants answered the amended complaint and set out numerous affirmative defenses, they have satisfied the third factor and set forth a meritorious defense.

## II.     Rule 16(f)

This Court does not agree with co-defendants' position that Rule 16(f) applies in lieu of Rule 55(c) (Doc. 163). The entry of default in this case was not solely because of the defaulted defendants failure to have new counsel enter an appearance with this court on or before November 25, 2020. The entry of default was also reflective of prior conduct. This was not the first time the defaulted defendants neglected to appear after counsel withdrew.

On September 5, 2019 and September 16, 2019, Magistrate Judge Gilbert Sison entered Orders to Show Cause against the defaulted defendants (Docs. 66 and 73). First, the defaulted defendants failed to appear at a telephone conference on September 5, 2019 after being advised to do so on August 22, 2019 (Doc. 63). Second, the defaulted defendants failed to appear at a discovery dispute conference on September 16, 2019, after notice was sent on September 11, 2020 (Doc 69). Third, the defaulted defendants failed to have new counsel enter prior to September 13, 2019 as ordered on August 22, 2019 (Doc. 63).

While defaulted defendants may not have been warned that their (lack of) conduct could lead to default and other more severe sanctions, they should now be

aware of ramifications of their inaction. This Court will not tolerate a lack of cooperation and communication. Furthermore, district courts are not required to impose a lesser sanction, or "warning shot", prior to the entry of default. *Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246 (7th Cir. 1990). Although reticent to vacate the entries of default due to repeated disregard in following Orders of the Court and in displaying a pattern of dubious conduct, this Court also does not wish to prejudice codefendants. Furthermore, this Court's preference is to conduct a trial on the merits.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the motion to vacate and strikes the entries of default against KG Administrative Services, Inc., The Keiser Group, LLC, Tracey Keiser and Robert Frazier. This Court further **DENIES** as moot plaintiff's motion for entry of default judgment as to defaulted defendants.

**IT IS SO ORDERED.**

**DATED: February 18, 2021**

s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge